On Rehearing.
 

 OVERTON, J.
 

 On the original hearing in this cause, this court directed the judge of division A of the civil district court for the parish of Orleans to recall and rescind the order issued by him on October 7, 1932, transferring the suit of plaintiff against defendant to division B, there to be consolidated with the suit of defendant against plaintiff, both suits being for divorce upon the ground that the spouses have lived separate and apart for four years', and also directed that the judge of division A permit plaintiff herein to prosecute her suit in his division of the court.
 

 On the return made by the respondent judge our original decree was correct, but decrees must change necessarily with a change in the crucial facts. Our learned brother below has no quarrel with our original decree, if the facts before us at the time of its rendition were the correct facts. He points out, however, that, by oversight, in his return to the rule nisi, he omitted an amendment to the rules of the civil district court, which was adopted, prior to the transfer, by the five judges of the civil district court, to make possible, among other transfers, such transfers as the present. The amendment, which is to rule 8, reads as follows:
 

 “Section 4-A. Any cause may be transferred by the judge to whom it has been assigned to any other judge of the court, with the consent, of the latter, and such cause shall thereafter remain within the jurisdiction of the judge to whom transferred, as if it had been originally assigned to him: or by request of a judge at any hearing or in any matter or proceeding in a cause assigned to him, any other judge of the court may act for him with all his powers and jurisdiction, without transfer of the cause.”
 

 The validity of the amendment which seems to have been adopted under the provisions of Act 103 of 1921, is not questioned. The amendment fully justifies the transfer made.
 

 The defendant complains in his application for a rehearing that, in referring to his plea of lis pendens, we said that he had abandoned it. As pointed out by defendant, the use of the word “abandoned,” instead of the words “not argued,” was a mere inadvertence, for it does not follow that because a litigant does not argue a plea for the reason he does not consider that the plea is presently before the court, that he abandons it. Hence the inadvertence, which appears only in the reasons for judgment, is so manifest as to be scarcely worthy of notice.
 

 In recognizing the validity of the transfer, we think that we should amend the order of transfer, so as to leave it to the consideration of the judge to whom the trans
 
 *421
 
 fer is made as to whether or not the two cases should be consolidated, for, by virtue of the transfer, that judge alone has jurisdiction of both cases.
 

 Accordingly, our original decree is set aside, and the order, under review, is amended by eliminating therefrom the direction for the consolidation of the two cases, and in all other respects, the order is affirmed, the costs of these writs to be equally divided between the litigants. The right is reserved plaintiff to ask for a rehearing.